**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amanda Lynn McDonald,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-22-08164-PCT-DLR<br><br>**ORDER** |

On January 12, 2020, Plaintiff Amanda Lynn McDonald applied for supplemental security income ("SSI") under Title XVI of the Social Security Act ("SSA"), alleging a disability onset date of February 21, 1992 (later amended to the protective filing date of January 15, 2020). (AR. 259, 71–72.) Plaintiff's claim was denied initially and on reconsideration. (AR. 142–50, 154–60.) After an administrative hearing, an Administrative Law Judge ("ALJ") issued an unfavorable decision on September 7, 2021, finding Plaintiff not disabled. (AR. 24–35.) The Appeals Council denied review of that decision, making the ALJ's determination the final decision of the Commissioner of the Social Security Administration. (AR. 1–4.) Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). For the reasons herein, the Court affirms.

**I.   FIVE-STEP SEQUENTIAL EVALUATION**

To determine whether a claimant is disabled under the SSA, an ALJ must follow a five-step sequential process. 20 C.F.R. § 416.920. The claimant bears the burden of proof

at the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At step one, the ALJ determines whether the claimant is engaging in substantial, gainful work activity. 20 C.F.R. § 416.920(a)(4)(i). If she is, then the claimant is not disabled, and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 416.920(a)(4)(ii). If she does not, then the claimant is not disabled. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or is medically equivalent to an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 416.920(a)(4)(iii). If so, the claimant is disabled. *Id.* If not, then the ALJ proceeds to step four, where the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is capable of performing her past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). If the claimant can still perform her past work, then she is not disabled. *Id.* If she cannot perform her past work, the ALJ proceeds to the fifth and final step, at which the ALJ determines whether the claimant can perform any other work in the national economy based on her age, work experience, education, and RFC. 20 C.F.R. § 416.920(a)(4)(v). If not, then claimant is disabled and entitled to benefits under the SSA. *Id.*

**II.     JUDICIAL REVIEW**

The Court only reviews the issues raised by the party challenging an ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court will uphold an ALJ's decision "unless it contains legal error or is not supported by substantial evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is more than a mere scintilla but less than a preponderance" and is such that "a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)). As a general rule, if the "evidence is susceptible to more than one rational interpretation," the Court will affirm the ALJ's decision. *Id.* The Court should "consider

the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Id.*

### III. DISCUSSION

Plaintiff argues that substantial evidence does not support the ALJ's RFC determination that Plaintiff can perform the full range of light work as defined in 20 C.F.R. § 416.967(b). In assessing a claimant's RFC, an ALJ is required to "consider all of [a claimant's] medically determinable impairments . . . , including [those] that are not 'severe.'" 20 C.F.R. § 416.945(a)(2). To determine the total limiting effects of a claimant's impairment(s) and any related symptoms, the ALJ considers all the medical and nonmedical evidence, as well as the intensity and persistence of symptoms. *Id.* §§ 416.945(e), 416.929(c). The ALJ then assesses a claimant's ability to meet the physical, mental, sensory, and other requirements of work. *Id.* § 416.945(a)(4).

Plaintiff contends that the ALJ erred by: (1) improperly relying on a "stale" medical opinion regarding Plaintiff's mental impairments instead of obtaining further opinion evidence; (2) failing to consider Plaintiff's mental health impairments beyond step two; and (3) failing to include RFC limitations for Plaintiff's migraine headaches. The Court disagrees.

### A. The ALJ's RFC determination that Plaintiff has no functional mental limitations is rational and supported by substantial evidence.

Before determining Plaintiff's RFC, the ALJ noted that Plaintiff has the following medically determinable mental impairments: bipolar disorder, attention deficit hyperactivity disorder, personality disorder, depressive disorder, anxiety disorder, post-traumatic stress disorder, and alcohol abuse and drug abuse in reported partial remission. (AR. 30.) Considering these impairments singularly and in combination with one another, the ALJ found that Plaintiff's impairments did not cause more than minimal limitations in her ability to perform basic mental work activities and therefore were non-severe. The ALJ also noted that Plaintiff had only mild limitations in each of the four broad functional areas of mental functioning (AR. 31.)

- 3 -

At step four, the ALJ determined that Plaintiff has an RFC to perform light work with no functional mental limitations. In doing so, the ALJ noted that he found Dr. Shelton, Dr. Galluci, and Dr. Fair's opinions regarding Plaintiff's mental impairments to be mostly persuasive. (AR. 33.)

Plaintiff argues that the ALJ improperly relied on Dr. Shelton's "stale" consultative opinion from 2016 and instead should have obtained further opinion evidence before formulating the RFC. (Doc. 14 at 10–11.) Plaintiff points to specific treatment records that she contends demonstrate her mental limitations and that the ALJ should have relied on. (*Id.* at 11.) Plaintiff also contends that ALJ's failure to ask the vocational expert any hypothetical questions relating to Plaintiff's mental limitations demonstrates that the ALJ did not consider Plaintiff's mental impairments beyond step two of the evaluation, thereby contravening SSA regulations. (*Id.* at 11–14.)

Starting with Dr. Shelton's opinion: the Court finds that any error in the ALJ's evaluation of Dr. Shelton's opinion is harmless because the ALJ's determination that Plaintiff has no functional mental limitation is rational and supported by substantial evidence. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (holding that error is harmless if there remains substantial evidence supporting the ALJ's decision, and the error "is inconsequential to the ultimate nondisability determination"). Plaintiff is correct that where an ALJ bases a claimant's RFC *entirely* on the stale opinions of non-examining physicians, the ALJ commits error. *See Huerta v. Astrue*, No. 13-CV-01210-WHO, 2014 WL 1866427, at *16 (N.D. Cal. May 8, 2014) (granting remand where ALJ primarily relied on a stale RFC from a non-examining consultant and improperly discounted the opinions of claimant's treating and examining physicians). But that is not what occurred here. In addition to Dr. Shelton's opinion, the ALJ relied on Plaintiff's examination records, her daily activities, and the opinions of state agency doctors from 2020 in finding that Plaintiff's mental impairments warrant no additional functional limitations in the RFC.

Indeed, Plaintiff's more recent mental examinations, including from August of 2020, note that Plaintiff presents as alert, oriented, and cooperative; has intact cognition

and good judgment and insight; denies depression and reports mild anxiety. (*See e.g.*, AR. 419–20, 422, 444–46.) Plaintiff's daily activities include managing her own finances, preparing her own meals, interactions with others, reading, writing poetry, fishing, camping, and tending to her own personal care. (*See e.g.*, AR. 323.) As to the state agency medical consultants, Dr. Galluci and Dr. Fair, both of whom evaluated Plaintiff's records after her amended alleged onset date, found that Plaintiff had no severe mental impairments. (AR. 112–13, 131–32.)

Thus, it was rational for the ALJ to conclude that Plaintiff's mental impairments did not translate into functional limitations, and this conclusion is supported by substantial evidence. *See Rania v. Kijakazi*, No. 2:20-cv-01541, 2021 WL 5771663, at *3 (E.D. Cal. Dec. 6. 2021) ("While [SSA] regulations require the ALJ to consider the effect of all [claimant's] impairments in formulating the RFC, they do not require [the ALJ] to translate every non-severe impairment into a functional limitation in the RFC."); *see also Woods v. Kijakazi*, 32 F.4th 785, 794 (9th Cir. 2022) (rejecting plaintiff's argument that the ALJ was required to include mild mental limitations in the RFC determination). Moreover, although Plaintiff challenges the ALJ's RFC determination, Plaintiff does not identify what functional mental limitations should have been included or how those limitations would have affected the ultimate disability determination. *Molina*, 674 F.3d at 1111 (holding that "burden of showing that an error is harmful normally falls upon the party attacking the agency's determination").

Additionally, the Court does not find that the ALJ failed to properly develop the record.[1] "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 P.3d 453, 459–60 (9th Cir. 2001). Plaintiff has not established how the record is ambiguous or inadequate. Instead, Plaintiff points out that "there are no treating opinions in the record." (Doc. 14 at 8). But it is Plaintiff's burden to

---

[1] Defendant contends that Plaintiff forfeited this argument by affirming to the ALJ at the administrative hearing that the record was complete and that the case was ready for the ALJ's review and decision. (Doc. 16 at 5–6.) The Court need not reach whether Plaintiff forfeited this argument because, as explained, the ALJ properly developed the record.

- 5 -

present evidence of disability, and she submitted no such opinions. 20 C.F.R. § 416.920(a) ("[Y]ou have to prove to us that you are . . . disabled."). What's more, "the mere absence of a report from a treating or examining physician does not give rise to a duty to develop the record; instead, that duty is triggered only where there is an inadequacy or ambiguity." *Smith v. Saul*, No. 1:19-cv-01085-SKO, 2020 WL 6305830, at *7 (E.D. Cal. Oct. 28, 2020); *see also Alvarez v. Astrue*, No. 1:08-cv-01205-SMS, 2009 WL 2500494, *10 (E.D. Cal. Aug. 14, 2009) (finding that absence of opinion from treating physician did not give rise to ALJ's duty to develop the record because the record contained opinions of state agency physicians and plaintiff's treatment records).

Last, the Court does not find the ALJ's decision not to ask the vocational expert a hypothetical question to be harmful error. At step five of the sequential evaluation, an ALJ may determine whether there is other work that exists in "significant numbers" in the national economy that the claimant can perform either by relying on the testimony of a vocational expert or by referencing the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999).

> The Guidelines present, in *table form,* a short-hand method for determining the availability and numbers of suitable jobs for a claimant. These tables are commonly known as "the grids." . . .
>
> The Commissioner's need for efficiency justifies use of the grids at step five where they *completely and accurately* represent a claimant's limitations. In other words, a claimant must be able to perform the *full range* of jobs in a given category, i.e., sedentary work, light work, or medium work. . . .
>
> [However,] [a] non-exertional impairment, if sufficiently severe, may limit the claimant's functional capacity in ways not contemplated by the guidelines. In such a case, the guidelines would be inapplicable. . . .
>
> The ALJ may rely on the grids alone to show the availability of jobs for the claimant "only when the grids accurately and completely describe the claimant's abilities and limitations."

*Id.* at 1101–02 (cleaned up).

Here, rather than relying on a vocational expert, the ALJ used the "grids" to determine that based on Plaintiff's age, education, work experience, and RFC for the full

range of light work, Plaintiff is not disabled. Though the use of the grids is improper where a claimant's RFC includes significant non-exertional limitations, here the ALJ rationally found that Plaintiff had the RFC to perform a full range of light work with no functional mental limitations. As such, the grids completely and accurately represent Plaintiff's limitations, and so the ALJ's reliance on the grids was proper. *See Alvarado v. Astrue*, No. EDCV 08-116 JC, 2009 WL 764531, at *8 (C.D. Cal. March 19, 2009) (finding ALJ's reliance on grids was proper where plaintiff's non-exertional limitations did not significantly limit the range of light exertional work).

## B. The ALJ rationally concluded that Plaintiff's migraines did not warrant additional limitations in her RFC, which is supported by substantial evidence.

Plaintiff contends that the ALJ erred by failing to provide a substantive discussion of Plaintiff's migraines and their limiting effect and failing to include corresponding limitations in the RFC. (Doc. 14 at 14–16.) The Court disagrees.

The ALJ expressly addressed Plaintiff's migraines in making his assessment. The ALJ noted that despite claiming disabling migraines, Plaintiff can perform daily activities of reading, writing poetry, and listening to music. (AR. 30.) The ALJ also found Plaintiff's testimony regarding the severity of her symptoms to be inconsistent with other evidence in the record, so the ALJ discounted her subjective complaints, which Plaintiff does not challenge. (AR. 32) Given Plaintiff's daily activities and that no consultative medical expert opined a limitation associated with her migraines (*see e.g.*, AR. 112–17, 131-36), the ALJ concluded that Plaintiff's migraines did not warrant additional functional limitations. The Court finds this to be rational and supported by substantial evidence. Though Plaintiff advocates for a more favorable reading of the evidence, the Court cannot second guess the ALJ's reasonable interpretation of the record.

In sum, the Court finds no harmful error and the ALJ's RFC determination to be rational and supported by substantial evidence. Accordingly,

1 **IT IS ORDERED** that the ALJ's decision is **AFFIRMED.** The Clerk is directed to enter judgment accordingly and terminate this case.

Dated this 7th day of May, 2024.

Douglas L. Rayes
United States District Judge